An order denying status is not such an order.

These proceedings therefore are dismissed without prejudice, however, to such right as petitioner may have to petition for review before the appropriate district court.

Duncan Davidson, San Francisco, Cal., for appellant.

John J. O'Connell, Atty. Gen., of Washington, Basil L. Badley, and Stephen C. Way, Asst. Atty. Gen., Olympia, Wash., for appellee.

Before MERRILL, MAGRUDER and BROWNING, Circuit Judges.

PER CURIAM.

This appeal is taken from judgment of the District Court for the Eastern District of Washington, Southern Division, denying appellant's application in the alternative for a writ of coram nobis or of habeas corpus.

Under attack is the validity of a sentence of imprisonment. Appellant had sought a writ of coram nobis from the Superior Court of the State of Washington in and for Yakima County, the sentencing court. That court had denied relief upon the ground that coram nobis would not issue where habeas corpus was available; that only the Supreme Court of Washington or the Superior Court of Walla Walla County, within which appellant was imprisoned, had habeas corpus jurisdiction of the case.

Appellant has never put the Yakima court's theory to the test. Habeas corpus has never been sought in the state courts of Washington. Nor do we understand that the Yakima court's doors are closed on coram nobis, should appellant fail to secure habeas corpus, since that court never reached the merits upon the coram nobis question.

Robert DRAPER, Appellant,

v.

B. J. RHAY, Superintendent, Washington State Penitentiary, Appellee.

No. 17802.

United States Court of Appeals
Ninth Circuit.

Nov. 15, 1962.

Under these circumstances, the District Court below, in denying appellant relief, did so upon the ground that he had failed to exhaust his state remedies.

We agree.

Judgment affirmed.

Henry Taul McDONALD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19710.

United States Court of Appeals Fifth Circuit.

Nov. 28, 1962.

Henry Taul McDonald, Leavenworth, Kan., for appellant.

Leven H. Harris, Asst. U. S. Atty., Shreveport, La., Edward L. Shaheen, U. S. Atty., for appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

PER CURIAM.

Appellant pleaded guilty to a three-count Dyer Act violation in 1946. He was sentenced to five years imprisonment on the first count and imposition of sentence was suspended on the other counts; but he was placed on five years probation, to begin at the expiration of the sentence imposed on the first count.

After serving forty-one months, appellant was conditionally released and, six days later, was convicted of armed robbery in a Texas court and sentenced to the Texas penitentiary. After serving five years on the State sentence, he was released by the State authorities, but returned to the Federal Penitentiary to serve the balance of his five-year Federal sentence as a "conditional release violator." He was finally released on March 27, 1956.

On November 7, 1960, as a result of a plea of guilty to a violation of his probation, appellant was sentenced to two five-year terms on the second and third courts, for which imposition of sentence had originally been suspended.

Appellant's main contention is that probation expired prior to November 7, 1960, as the Probation Act limits probation to five years. 18 U.S.C.A. § 3651. But, as the judge below pointed out, the probationary period did not begin until